ATTORNEY GENERAL HENRY HAS ASKED THAT I RESPOND TO YOUR LETTER OF MARCH 20, 1990. YOUR INQUIRY, IN ESSENCE, IS WHETHER THE STATE TREASURER MAY REJECT SMALL BUSINESS ADMINISTRATION POOL CERTIFICATES AS COLLATERAL EVEN THOUGH SUCH CERTIFICATES APPEAR ELIGIBLE PURSUANT TO 62 O.S. 72.5. AFTER REVIEWING THE RELEVANT STATUTES, IT IS APPARENT THAT AN OFFICIAL OPINION IS NOT REQUIRED IN THIS MATTER DUE TO THE FACT THAT A CLEAR READING OF THE STATUTES YIELDS THE ANSWER TO YOUR QUESTION.
WE HAVE ALSO RECEIVED A LETTER FROM MR. BRENT BALLINGER, PRESIDENT OF THE NATIONAL BANK OF COMMERCE IN PAWHUSKA, WHICH I UNDERSTAND IS THE BASIS OF YOUR LETTER. HAVING DISCUSSED THIS MATTER WITH THE TREASURER'S OFFICE AND HAVING REVIEWED THE LAW RELATIVE TO THE QUESTION, I AM OF THE OPINION THAT THE TREASURER MAY REJECT SMALL BUSINESS ADMINISTRATION POOL CERTIFICATES AS COLLATERAL.
IT APPEARS THAT THE COLLATERAL IN QUESTION IS NOT A DIRECT COLLATERIALIZATION OF STATE FUNDS WHICH WOULD FALL UNDER THE PROVISIONS OF 62 O.S. 72.5. EVEN IF THIS SITUATION WERE GOVERNED BY SECTION 72.5, REQUIRING THE TREASURER TO ACCEPT ANY PARTICULAR SECURITY WOULD BE PROBLEMATICAL. SUCH A RESULT WOULD REQUIRE THE TREASURER TO ACCEPT, FOR EXAMPLE, ANY MUNICIPAL BOND REGARDLESS OF ITS RATING. SEE E.G. 12 O.S. 72.5(A)(3).
HOWEVER, THE ISSUE OF THE APPLICABILITY OF SECTION 72.5 IS NOT CRUCIAL TO YOUR QUESTION DUE TO THE FACT THAT THIS SITUATION IS GOVERNED BY THE UNIT COLLATERAL SYSTEM ACT (62 O.S. 516.1 ET SEQ.) IN THIS CASE, IT IS MY UNDERSTANDING THAT THE COLLATERAL IN PLEDGED TO PROTECT THE DEPOSITS OF A COUNTY TREASURER.
THE UNIT COLLATERAL SYSTEM ACT BASICALLY ALLOWS AN ELECTION Y A FINANCIAL INSTITUTION TO JOIN IN A STATUTORY SYSTEM TO COLLATERALIZE COUNTY, MUNICIPAL OR BOARD OF EDUCATION FUNDS. 62 O.S. 516.2 PROVIDES IN PERTINENT PART AS FOLLOWS:
 ". . . STATE TREASURER IS HEREBY AUTHORIZED TO CONSIDER, IN RELATION TO THE TERMS AND CONDITIONS OF THIS ACT, THE COLLATERAL SECURITIES OFFERED AND THE OFFER TO PLEDGE AND IF PROPER, TO ACCEPT AND APPROVE THE SAME IN THE NAME OF THE STATE OF OKLAHOMA FOR THE USE AND BENEFIT OF THE SEVERAL MUNICIPAL AND GOVERNMENTAL SUBDIVISIONS THEREOF AS MAY BE NAMED . . . (EMPHASIS ADDED.)" 62 O.S. 516. 3 PROVIDES IN PERTINENT PART:
 ". . . CLASS AND CHARACTER OF COLLATERAL SECURITIES THAT MAY BE PLEDGED AND TAKEN, FOR THE PURPOSES OF . . . (THE ACT) . . . SHALL BE LIMITED AND RESTRICTED TO NEGOTIABLE INSTRUMENTS, PAYABLE TO BEARER, OR CERTIFIED REGISTERED PUBLIC OBLIGATION OR REGISTERED PUBLIC OBLIGATION AS FOLLOWS: (A LIST OF COLLATERAL FOLLOWS) (EMPHASIS ADDED)"
A CLEAR READING OF THE STATUTES COMPELS THE CONCLUSION THAT THE REFERENCE TO MAY BE PLEDGED OR TAKEN" IMPLIES PERMISSIVE, RATHER THAN MANDATORY, ACCEPTANCE BY THE TREASURER. (STATE EX REL CARTWRIQHT V. OKLAHOMA NATURAL GAS CO., 640 P.2D 1341 (OKLA. 1982)). THIS CONCLUSION IS REINFORCED BY THE LANGUAGE OF SECTION 516.2 WHICH AUTHORIZES THE TREASURER TO CONSIDER PREFERRED SECURITIES AND "IF PROPER" TO ACCEPT AND APPROVE SAME. THE MERE LISTING OF ACCEPTABLE SECURITIES IN SECTION 516.3 DOES NOT IMPLY AN AFFIRMATIVE DUTY UPON THE TREASURER TO ACCEPT A PARTICULAR SECURITY.
(DOUGLAS ALLEN)